J-S05032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN TYRELL WESTBROOKS, | |
| Appellant | No. 1242 MDA 2016 |

Appeal from the PCRA Order June 23, 2016
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000181-2011

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 15, 2017**

Appellant, Benjamin Tyrell Westbrooks, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, after a hearing.  Counsel has petitioned to withdraw pursuant to **Turner**/**Finley**.[1]  We affirm the court's order, and grant counsel's petition to withdraw.

We take the following facts and procedural background from our review of the certified record.  On May 4, 2012, a jury convicted Appellant of murder of the first degree, 18 Pa.C.S.A. § 2502(a), for his fatal shooting of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the victim in an apparent dispute over money. Appellant waived a pre-sentence investigation (PSI) and requested immediate sentencing. (*See* N.T. Trial, 5/04/12, at 792-93). The court sentenced him to the statutorily mandated term of life in prison without the possibility of parole. (*See id.*). This Court affirmed Appellant's judgment of sentence on January 13, 2014, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 23, 2014. (*See Commonwealth v. Westbrooks*, 96 A.3d 1080 (Pa. Super. 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014)).

On September 19, 2014, Appellant filed a timely *pro se* PCRA petition. The court appointed counsel on October 24, 2014. After granting Appellant several continuances, a hearing was ultimately held on April 30, 2015, at which time Appellant withdrew his PCRA petition. On August 11, 2015, Appellant filed a second timely *pro se* PCRA petition. He filed a *pro se* amended petition on October 15, 2015 without court permission. On April 7, 2016, appointed counsel filed a supplement to the PCRA petition. The PCRA court held a hearing on April 22, 2016, and denied the petition on June 23, 2016. Appellant timely appealed.[2] Appointed appellate counsel filed a

---

[2] Appellant filed a timely statement of errors complained of on appeal on August 16, 2016. The court filed an opinion on September 15, 2016. *See* Pa.R.A.P. 1925.

J-S05032-17

***Turner*/*Finley*** brief[3] and petition to withdraw on November 7, 2016.

Appellant responded on January 9, 2017.[4]

The ***Turner*/*Finley*** brief raises five questions for this Court's review:

I.      Whether trial counsel was ineffective for failing to raise the issue that there exists no sentencing statute that fits the crime for which Appellant was convicted[?]

II.      Whether trial counsel was ineffective in failing to raise and preserve the objection or limit the evidence of Daniel Smith testifying that Appellant had previously stabbed Mr. Smith with a screwdriver[?]

III.      Whether trial counsel was ineffective for failing to request a mistrial as related to a violation of the trial court's sequestration [o]rder[?]

IV.      Whether trial counsel was ineffective in failing to object to testimony of Commonwealth's witnesses relating to the Appellant's probationary status[?]

V.      Whether trial counsel was ineffective in failing to effectively cross-examine the Commonwealth's witnesses on potential bias[?]

_____

[3] Counsel mistakenly filed a "***Turner*/*Finley*** Brief" comparable to a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  However, a ***Turner*/*Finley*** no-merit letter is the correct filing.  ***See Turner***, ***supra*** at 928-29; ***Finley***, ***supra*** at 215.  Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief instead of a ***Turner*/*Finley*** letter.  ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[4] On December 6, 2016, Appellant filed a request for an extension of time to file a response to the ***Turner*/*Finley*** brief.  This Court granted that motion on December 8, 2016.  On December 27, 2016, Appellant filed a second request for an extension of time.  Because he filed the *pro se* response brief on January 9, 2017, we deny Appellant's December 27, 2016 request as moot.

- 3 -

(**Turner**/**Finley** Brief, at 1).[5]

Prior to addressing Appellant's claims on appeal, we must address counsel's **Turner/Finley** brief and accompanying petition to withdraw as counsel. Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009).

As described by our Supreme Court, the requirements PCRA counsel must adhere to when requesting to withdraw include the following:

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

**Id.** (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

---

[5] In his *pro se* response to the **Turner**/**Finley** brief, Appellant again raises issues one, two, and four. (**See** Appellant's *Pro Se* Response to **Turner**/**Finley** Brief, 1/09/17, at x). He does not raise any other claims. (**See id.**).

. . . [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, . . . this Court[] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the [C]ourt will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Id.* (citation omitted).

Instantly, we conclude that counsel has complied with the requirements of *Turner*/*Finley*. Specifically, his *Turner*/*Finley* brief details the nature and extent of his review, addresses the claims Appellant raised in his PCRA petition and Rule 1925(b) Statement, and determines that the issues lack merit. (*See Turner*/*Finley* Brief, at 1-8). He provides a discussion of Appellant's claims, explaining why they are without merit. (*See id.* at 5-8). Additionally, counsel served Appellant with a copy of the petition to withdraw and *Turner*/*Finley* brief, advising Appellant that, if counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. (*See* Petition to Withdraw, 11/07/16). We proceed, therefore, to conduct an independent merits review of Appellant's claims.

Our standard of review of the denial of PCRA relief is well-settled:

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have

no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

Here, Appellant's issues all allege the ineffectiveness of trial counsel. (*See **Turner**/**Finley*** Brief, at 1, 4-8).

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing ***Strickland v. Washington***, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Commonwealth v. Sneed***, 616 Pa. 1, 18, 45 A.3d 1096, 1106 (2012) (quoting ***Commonwealth v. Pierce***, 567 Pa. 186, 203, 786 A.2d 203, 213 (2001)).  The failure to satisfy any one of the prongs will cause the entire claim to fail. ***Id***.

***Benner***, ***supra*** at 920.

In Appellant's first issue, he claims that trial counsel was ineffective because he failed to raise the claim that "there is no sentencing statute that controls the crime of [f]irst [d]egree [m]urder, and as such, he should be released from incarceration." (***Turner***/***Finley*** Brief, at 5-6) (record citation omitted).  This issue lacks merit.

Section 1102 of the Crimes Code provides, in pertinent part:

**(a)  First degree.—**

(1) Except as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S.[A.] § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S.A. § 1102(a)(1).

Pursuant to 42 Pa.C.S.A. § 9711(a)(1), "[a]fter a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment." 42 Pa.C.S.A. § 9711(a)(1).

In this case, the **Turner**/**Finley** brief claims "that the jury should have deliberated between aggravated and mitigating circumstances in order to determine whether a penalty of death or life imprisonment should be imposed." (**Turner**/**Finley** Brief, at 6).  However, this claim lacks merit because the case was not designated as a capital murder/death penalty case.  Further, a review of the record reveals that Appellant waived a PSI and requested to move to the sentencing phase immediately, at which time the trial court sentenced him to the statutory mandatory term.  (**See** N.T. Trial, 5/04/12, at 792-93).  "Counsel cannot be found ineffective for failing

to raise a meritless claim." ***Commonwealth v. Messmer***, 863 A.2d 567, 572 (Pa. Super. 2004) (citation omitted). Therefore, this issue lacks merit.

In the next claim of error, the ***Turner***/***Finley*** brief maintains that "[trial] counsel was ineffective in failing to object to Commonwealth witness, Daniel Smith . . . testifying that Appellant has previously stabbed him in the face with a screwdriver." (***Turner***/***Finley*** Brief, at 6-7).

Trial counsel's decision not to object to a witness' testimony cannot be the ground for a finding of ineffective assistance where it had "any reasonable basis." ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011) (citation omitted).

> [W]e do not question whether there were other more logical courses of action which counsel could have pursued[.] . . . We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Id.*** (citations and quotation marks omitted).

In this case, at the PCRA hearing, trial counsel testified that she did not object to Smith's testimony about Appellant's previous screwdriver attack on him, because of her trial strategy. (***See*** N.T. PCRA Hearing, 4/22/16, at 23). Specifically, she presented the defense that witness, Brandon Crumb, committed the homicide, and that Smith accused Appellant of its commission as "an ultimate act of revenge to get back at [Appellant] for stabbing him." (***Id.***). She further testified that Appellant agreed to this strategy. (***See id.*** at 25).

Based on the foregoing, trial counsel had a reasonable basis for not objecting to the testimony of Mr. Smith, and we "[will] not question whether there were other more logical courses of action which counsel could have pursued[,]" where Appellant utterly fails to prove that there was another alternative with a substantially greater potential for success. **Chmiel**, **supra** at 1127 (citation omitted). Appellant's second issue fails.

In the third allegation of error, the **Turner**/**Finley** brief states that "counsel was ineffective in failing to request a mistrial because [Pennsylvania State Police Corporal Thomas C.] McAndrew violated the court's sequestration [o]rder." (**Turner**/**Finley** Brief, at 7). This issue fails.

"[A] request for sequestration must be specific and supported by a showing that the interests of justice require it. The purpose of sequestration is to prevent a witness from molding his testimony with that presented by other witnesses." **Commonwealth v. Stevenson**, 894 A.2d 759, 767 (Pa. Super. 2006), *appeal denied*, 917 A.2d 846 (Pa. 2007) (citation omitted). However, "in a criminal case, the prosecution has a right to have the law enforcement agent primarily responsible for investigating the case at the counsel table to assist in presenting the case, even though the agent will be a witness." **Id.** (citation omitted); **see also** Pa.R.E. 615(b).

Here, pursuant to counsels' joint motion, the court issued a sequestration order prohibiting any witnesses from being present in the courtroom during trial when not testifying. (**See** N.T. Hearing, 5/01/12, at

66-67). Corporal McAndrew was present at trial. However, a review of the record reveals that he was one of the affiant's in this case, and therefore was present to assist the Commonwealth prosecutor. (**See** Homicide Investigation Action Reports, 11/18/10).

Hence, because Corporal McAndrew was "the law enforcement agent primarily responsible for investigating [Appellant's] case," trial counsel had no basis on which to object. **Stevenson**, **supra** at 767; **see also** Pa.R.E. 615(b). Moreover, even if Corporal McAndrew did not fall into this sequestration exception, Appellant has utterly failed to establish that he was prejudiced in any way by counsel's failure to object to his presence at trial. Therefore, Appellant has failed to plead and prove all three prongs required for a finding of counsel's ineffectiveness, and the PCRA court properly found that Appellant's claim fails. **See Benner**, **supra** at 920; **Messmer**, **supra** at 572.

In his fourth issue, Appellant maintains that "counsel was ineffective in failing to object to testimony with regard to [his] probationary status." (**Turner**/**Finley** Brief, at 7) (record citation omitted). He further asserts that "trial counsel elicited [] evidence [of his probationary status] despite its prejudicial nature[.]" (Appellant's *Pro Se* Response to **Turner**/**Finley** Brief, at 11). This claim lacks merit.

At trial, defense counsel's theory of the case was that Appellant was innocent, and that witness, Brandon Crum, committed the murder. (**See**

N.T. PCRA Hearing, 4/22/16, at 23; *see also* N.T. Trial, 5/04/12, at 710). In support of that theory, trial counsel attempted to create the inference that Appellant surrendered to police voluntarily, willingly gave a written statement, and "could have run, but [chose not to because] guilty people run." (N.T. Trial, 5/04/12, at 712; *see also* N.T. Trial, 5/01/12, at 190-91, 301; N.T. Trial, 5/02/12, at 394-95; N.T. Trial, 5/03/12, at 562; N.T. Trial, 5/04/12, at 709-10). In response to this attempt, the Commonwealth witnesses testified that Appellant reported to probation because he was required to do so, and that he did not surrender, but rather the probation officer turned him in to the Pennsylvania State Police. (*See* N.T. Trial, 5/01/12, at 191, 299; N.T. Trial, 5/02/12, at 395-96; N.T. Trial, 5/03/12, at 562, 659-60).

It appears that trial counsel's attempt to establish that Appellant willingly turned himself in to the police was a reasonable part of her trial strategy. Therefore, because Appellant has utterly failed to establish that an alternative strategy would have proved more successful, we will not question counsel's decision. *See Chmiel*, *supra* at 1127. Appellant's fourth claim of error does not merit relief.

In his fifth issue, Appellant argues that trial counsel was ineffective in her cross-examination of Commonwealth witness, Daniel Smith, as to his potential bias. (*See Turner*/*Finley* Brief, at 8; Trial Court Opinion, 9/15/16, at 7). We disagree.

. . . [C]ross-examination may be used to test a witness' story, to impeach credibility, or to establish the witness' motive for lying. Whenever a prosecution witness may be biased in favor of the prosecution due to outstanding charges against him in the same jurisdiction, that possible bias, in all fairness, must be made known to the jury. The witness may hope for favorable treatment if he testifies in a manner helpful to the prosecution even though the prosecution has not made any promises.

*Commonwealth v. Thomas*, 783 A.2d 328, 334 (Pa. Super. 2001) (citations and quotation marks omitted).

In this case, the trial court observed:

The cross examination of Daniel Smith was thorough and addressed Mr. Smith's potential bias toward [Appellant]. In fact, the testimony of the incident involving the screwdriver stabbing was evidence of Mr. Smith's bias.

\* \* \*

[Appellant] was not only afforded ample opportunity to cross examine Mr. Smith, but did so in a [thorough] manner. The fact that Mr. Smith's answers were not as [Appellant] wished does not make trial counsel ineffective.

(Trial Ct. Op., at 7). We agree.

Our independent review of the record comports with the trial court's description of counsel's cross-examination of Smith. On direct examination, Smith testified that, approximately two months before the murder at issue in this case, Appellant stabbed him with a screwdriver during a dispute. (*See* N.T. Trial, 5/01/12, at 84). However, he maintained that he and Appellant did not have any other problems after that. (*See id.*). In fact, he was with Appellant to go clubbing on the night that he witnessed Appellant shoot the victim. (*See id.*).

In an effort to show that Smith was testifying falsely against Appellant because of bias, counsel impeached him with evidence and prior inconsistent statements that showed contradictions in his testimony. (*See id.* at 87, 93-95, 104-06). She attempted to establish his motive for lying, including retaliation for the screwdriver incident. (*See id.* at 113-15, 129). Additionally, she expressly asked Smith if accusing Appellant of homicide was just "a really good way to get back at him[.]" (*Id.* at 121).

Based on the foregoing, and our review of the entire trial transcript, we conclude that it supports the court's finding that counsel did not provide ineffective assistance in her cross-examination of Smith where she "test[ed] [Smith's] story, [] impeach[ed his] credibility, [and] establish[ed] [his] motive for lying." *Thomas*, *supra* at 334. Appellant's fifth issue lacks merit.

The PCRA court properly found that all five of Appellant's claims of ineffective assistance of trial counsel lack merit. *See Benner*, *supra* at 919. Moreover, our independent review of the certified record does not reveal any other meritorious issues. *See Wrecks*, *supra* at 721.

Order affirmed.  Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2017